Abbaham N. Gelleb, J.
This is a motion, pursuant to section 64 et seq. of the General Corporation Law (art. 6-A), by seven of the individual defendants, officers and directors of the defendant James Bros. Realty Co., Inc., for reimbursement of their reasonable expenses, including attorneys’ fees, incurred in the successful defense of this stockholder’s derivative action, which has now been terminated by the denial by the Court of Appeals of leave to appeal.
An interim application has been made by the movants that the motion be referred to the Trial Justice. Plaintiff, who is the owner of 17.7% of the outstanding shares of James Bros. Realty Co., Inc., opposes the motion on various grounds and also objects to the application to refer to the Trial Justice. She requests that the motion be retained and a Referee to hear and report be appointed.
In accordance with the usual practice such motion would be referable to the Trial Justice, who is “ peculiarly fitted to evaluate the services rendered by the attorneys for the applicants ” (Frindel v. 123 Cedar St. Corp., 154 N. Y. S. 2d 255, 259). The clear implication of the holding in Frindel is that section 65 of the General Corporation Law in directing that such applications shall be made by motion in the action except where reasonable cause exists for initiating a separate proceeding therefor, is confirmatory of the usual practice that such applications should be determined by the Trial Justice.
That practice may, of course, be varied Avherc special or exceptional circumstances exist. Plaintiff has set forth a number of specific grounds of opposition to the motion, Avhich presumably would be the lines of inquiry to be followed in deciding *922 it. It is apparent from a comparison of these grounds and the charges set forth in the complaint and adjudicated in the findings of the Trial Justice that they are facets of the very matters which must have been fully developed at the trial and decided by the Trial Justice. The chief grounds of objection are that movants’ attorneys represented them as well as another corporation controlled by them, also a defendant in this case, alleged to constitute a conflicting interest, and that the bulk of the services for which recovery is here sought was for this other corporation. The entire trial, according to the complaint and findings, appears to have dealt with this question of conflicting interest. Obviously, the Trial Justice is in the best position to pass on such objection as well as to allocate the proportionate value of the services rendered on behalf of the individual defendants, for which they are entitled to reimbursement, and on behalf of the other corporation, which is not recoverable.
The interim application is accordingly granted and the motion is hereby referred to the Hon. John L. Flynn, the Justice who presided over the trial of this action.